**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4152**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KERMIT FERNANDEZ-RIVERA, a/k/a The Frog,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Richard L. Williams, Senior District Judge, sitting by designation.  (CR-03-13)

———————

Submitted:  May 11, 2005                 Decided:  July 28, 2005

———————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kermit Fernandez-Rivera ("Fernandez") appeals from his eighty-seven month sentence imposed following his guilty plea to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). Fernandez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning the amount of drugs properly attributable to Fernandez. Fernandez has filed a pro se supplemental brief, asserting that he should be resentenced. Because our review of the record discloses no reversible error, we affirm Fernandez's conviction and sentence.

We find that Fernandez's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Fernandez was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

In his plea agreement, Fernandez stipulated to an amount of drugs attributable to him. The record contains no evidence of a lesser amount, and the district court properly accepted this stipulation in determining Fernandez's sentence. Utilizing this drug quantity, the district court properly computed Fernandez's

- 2 -

sentencing range to be 87 to 108 months. The district court imposed a sentence within this range. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994) (holding that imposition of a sentence within the properly calculated range is not reviewable).

In supplemental briefs, counsel and Fernandez challenge Fernandez's sentence under United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005), contending that the district court erred by treating the Sentencing Guidelines as a mandatory system for purposes of determining his sentence. Because Fernandez did not object to the application of the Sentencing Guidelines as mandatory, our review is for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, Fernandez must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Although "the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error," id. at 216-17, we find that Fernandez has failed to carry his burden of showing that the error affected his substantial rights. See id. at 223; Olano, 507 U.S. at 734-35. Because our review of "the record as a whole provides no nonspeculative basis for concluding that treatment of the guidelines as mandatory" resulted in actual prejudice, this error may not be corrected on appeal. Fed. R. Crim. P. 52(b); White, 405 F.3d at 223.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Fernandez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>